IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Kris Indergard                                             CV. 06-1317-PK

                         Plaintiff,                        OPINION AND ORDER

v.

Georgia-Pacific Corporation,

                         Defendant.

_____

PAPAK, Magistrate Judge:

On the merits, this case concerns a claim that Georgia-Pacific Corporation (Georgia-Pacific) terminated Kris Indergard because she filed a workers compensation claim and because she was disabled. When Georgia-Pacific failed to respond to the complaint or file a notice of appearance, this court entered a default order against Georgia-Pacific on November 27, 2006. An evidentiary hearing on damages pursuant to Fed. R. Civ. P. 55(b)(2) was held on December 19, 2006. Before a default judgment was entered, Georgia-Pacific learned of the default order and filed a Notice of Appearance and a Motion to Set Aside Default Order. (No. 11). For the

Page 1 - OPINION AND ORDER

following reasons, the Motion to Set Aside Default Order is GRANTED.

FACTUAL BACKGROUND

This action was served on Georgia-Pacific on September 18, 2006. Robert Lane Carey, lead counsel for Georgia-Pacific, transferred his law practice from his prior law firm to Tonkon Torp LLP (Tonkon Torp) on the next day. On September 20, 2006, Georgia-Pacific's legal department emailed a copy of the Complaint to Mr. Carey at Tonkon Torp. When this action arrived at Tonkon Torp, the firm was in the process of transferring numerous litigation files from Mr. Carey's former law firm. Tonkon Torp was also in the process of upgrading and converting its calendaring, docketing, and file-management systems when Mr. Carey arrived.

Mr. Carey asked his new colleague, Steven Olson, to assist in the defense of this case. Mr. Carey intended Mr. Olson to lead this case and monitor case management deadlines, but Mr. Olson believed that his role was limited to litigation support and that Mr. Carey would monitor the deadlines. Neither Mr. Carey nor Mr. Olson received calendaring or docketing reminders from Tonkon Torp's file-management system.

Counsel for Georgia-Pacific became aware of the default on December 21, 2006. On that morning, Mr. Olson left a telephone message for plaintiff's counsel, Kerry Smith, requesting a meeting. Mr. Smith contacted Mr. Carey and notified him of the default. Mr. Smith sent the Court an email describing his conversation with Mr. Carey and suggesting the Court refrain from issuing a default judgment. On December 22, 2006, Mr. Carey filed a Notice of Appearance and informed the Court that Georgia-Pacific intended to file a Motion to Set Aside Default on January 4, 2007.[1]

---

[1]A date agreed to by the parties.

LEGAL STANDARD

Entry of default may be set aside for "good cause" shown.  Fed. R. Civ. P. 55(c).  Three factors derived from the "good cause" standard govern the lifting of default under Fed. R. Civ. P. 55(c).  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691,696 (9th Cir. 2001).  These factors are: (1) whether the defendant's culpable conduct led to the default, (2) whether the defendant has a meritorious defense, and (3) whether reopening the default would prejudice the plaintiff.  Id. (citations omitted).  The party moving to set aside a default order "bears the burden of demonstrating that these factors favor vacating the judgment.  Id., See Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).   Motions to set aside default should be liberally granted and are left to the discretion of the court.  See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

ANALYSIS

1.    Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer."  TCI Group, 244 F.3d at 697 (emphasis in original), quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Intentional," in this context, means acting in a manner that is willful, deliberate, or with evidence of bad faith.  Id., citing American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).  If the defendant has negligently failed to answer, but offers a "good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," they have not acted "intentionally."  Id.  Furthermore, culpability involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings."  Id. at

698, quoting Gregorian v. Izvestia, 871 F.2d 1515, 1525 (9th Cir. 1989).

Georgia-Pacific has offered two explanations for why it failed to make an appearance in this case. First, there was a miscommunication between Mr. Carey and Mr. Olson about who would be responsible for this case. Mr. Carey and Mr. Olson were new colleagues, Mr. Carey was tranferring files from his old law firm to Tonkon Torp, and Mr. Olson erroneously believed his role was limited to litigation support. Second, Tonkon Torp's calendaring, docketing and case management system failed to remind either Mr. Carey or Mr. Olson to make an appearance or file an answer or motion with the Court. Although these excuses are weak, they are not "intentional" and do not amount to "conduct which hindered judicial proceedings."

The Court of Appeals for the Ninth Circuit has set aside a default judgment in a case where the party in default acted more culpably than Georgia-Pacific has in this case. See Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir. 2000). In Bateman, plaintiff's attorney had to fly to Nigeria for a family emergency. He knew that the deadline for opposing the defendant's motion for summary judgment was approaching, ignored the deadline and failed to file a response or seek an extension. Default was entered while he was in Nigeria. After returning to San Francisco, plaintiff's counsel failed to contact the court to explain his absence for an additional 16 days due to jet lag and a backlog of work and mail. The district court denied Bateman's motion to set aside default judgment, and the court of appeals reversed. Id. at 1225. The Court noted that although the explanation for default was weak and "showed a lack of regard for his client's interests and court's docket," default should nonetheless be set aside because "his errors resulted from negligence and carelessness, not from deviousness or willfulness." Id.

There is no evidence of deviousness or willfulness on the part of Georgia-Pacific in this

case.  The errors which resulted in entry of default against them were the result of negligence and carelessness, but their conduct was not "culpable."

2.      Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense."  TGI Group, 244 F.3d at 700 (citations omitted).  The burden on the moving party is not extraordinarily heavy; they "need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertable.'"  Id., quoting In re Stone, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978).

Georgia-Pacific included a Proposed Answer with affirmative defenses and counterclaims with their Motion to Set Aside Default.  Additionally, Ms. Indergard's attorney, Mr. Smith, concedes that Georgia-Pacific "does have arguments/facts which support it's position" which are sufficient that "Ms. Indergard would not receive summary judgment or a directed verdict on liability issues."  (Decl. of Kerry Smith in Support of Plaintiff's Response, ¶ 6).

This is sufficient to establish that Georgia-Pacific can present a meritorious defense.

3.      Prejudice to the Plaintiff

Setting aside default will be prejudicial if it impedes the non-moving party's "ability to pursue his claim."  TCI Group, 244 F.3d at 701, quoting Falk, 739 F.2d at 463.  "Being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default judgment."  Id.

Mr. Smith claims that Ms. Indergard has been prejudiced by the tactical advantage given to Georgia-Pacific by being able to obtain information from witnesses and prepare discovery

requests.  The Court of Appeals for the Ninth Circuit has recognized increased difficulties of

discovery as a kind of prejudice that would weigh against setting aside default.  <u>Id</u>., <u>citing</u>

<u>Thompson v. American Home Assur. Co.</u>, 95 F.3d 429, 434-34 (6th Cir. 1996).  Nonetheless,

having a head-start on discovery does not amount to prejudice to the plaintiff.  By extending

discovery deadlines in this case, any advantage that Georgia-Pacific may have gained over the

plaintiff can easily be overcome.  Additionally, I do not believe that Georgia-Pacific sought any

tactical advantage at the risk of an entry of default against them.

CONCLUSION

For the aforementioned reasons, Georgia-Pacific's Motion to Set Aside Default Order is

GRANTED.

IT IS SO ORDERED.

Dated this 6th day of February, 2007.


_____/s/ Paul Papak_____
Honorable Paul Papak
United States Magistrate Judge


Page 6 - OPINION AND ORDER