UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRIS INDERGARD,

         Plaintiff,

Civil No. 06-1317-PK

GEORGIA PACIFIC CORPORATION,

         Defendant.

ORDER

---

HAGGERTY, Chief Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [54] in this action that recommended that the defendant's Motion for Summary Judgment [33] should be granted. Defendant filed objections to the Findings and Recommendation, and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

      The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and

1 -- ORDER

Recommendations, the objections, and the entire Record.  Magistrate Judge Papak provided a

thorough analysis of the facts and circumstances presented, and this analysis need be only

summarized here.

Following surgeries in late 2003 on both of her knees for a work-related injury and a non-

work-related injury, plaintiff took extended leave from defendant.  After receiving a medical

release to return to work with significant restrictions, plaintiff was requested by defendant to

undergo a physical capacity evaluation (PCE).  Defendant contracted with Columbia

Rehabilitation, an independent occupational therapy provider, to provide the PCE.  After some

testing, Columbia Rehabilitation concluded that plaintiff could not safely perform the second part

of the PCE because the required testing exceeded plaintiff's medical restrictions.  Findings and

Recommendation at 4.

In late April 2005, defendant's  Human Resources Manager notified plaintiff that

plaintiff's restrictions precluded her from undergoing a PCE and -- therefore -- from returning to

her position as a Consumer Napkin Operator.  Other positions available to plaintiff based on her

seniority were deemed incompatible with plaintiff's restrictions as well.

Plaintiff's condition improved, however, and in November 2005, plaintiff completed a

PCE conducted by Vicky Starnes, a physical therapist from Columbia Rehabilitation.  Starnes

concluded that plaintiff was unable to perform certain lifts that defendant considered essential

job functions, and plaintiff's return to work was "not recommended."  Defendant advised plaintiff

that there were no open positions for which she was entitled to apply for that were consistent

with her doctor's restrictions, and on February 8, 2006, defendant terminated plaintiff pursuant to

2 -- ORDER

the collective bargaining agreement's provision that employees on leave for more than two years are subject to termination.

Plaintiff brought unawlful discrimination claims against defendant.  During briefing and oral argument concerning defendant's dispositive motions, plaintiff acknowledged that the issues raised by her claims had been reduced to (1) whether defendant (her employer) had violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, by requiring plaintiff to undergo a medical examination which is prohibited under the ADA, and (2) whether her claim of illegal discrimination based upon perceived disability should survive defendant's summary judgment motion.  Findings and Recommendation at 2.

Under the ADA, an employer may make disability-related inquiries and require medical examinations of an employee only if they are job-related and consistent with business necessity. 42 U.S.C. §12112(d)(4)(A).  The Findings and Recommendation examined the applicable law and concluded that the PCE conducted by Columbia Rehabilitation of plaintiff was not a medical examination.  Findings and Recommendation at 7-9.

As to plaintiff's other remaining claim, the Findings and Recommendation concluded that defendant was entitled to summary judgment on plaintiff's "perceived as disabled" claim, as well. This is because the Findings and Recommendation concluded that even if the PCE were properly deemed a medical examination, defendant presented sufficient evidence of having a reasonable basis for requesting the PCE.[1]

---

[1]This conclusion was presented under an "alternative analysis" of plaintiff's first claim that concluded that issues of fact would preclude summary judgment for defendant on the "business necessity exception" theory.  Findings and Recommendation at 15-16.

Although certain issues of fact precluded the invocation of a "business necessity exception" as to plaintiff's first claim, defendant's reasonable basis for requesting the PCE meant that under Ninth Circuit law, the PCE was insufficient by itself to demonstrate that defendant regarded plaintiff as substantially limited in a major life activity. Findings and Recommendation at 17 (citing *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 515 (9th Cir. 2001)).

**OBJECTIONS**

Plaintiff's objections to the Findings and Recommendation asserted four arguments.

1.    **The Findings and Recommendation erred in considering defendant's supplemental arguments that the PCE was not a medical examination or was a business necessity**

The issue of whether to construe the PCE as a medical examination or a business necessity was not fully presented in this litigation until after briefing was undertaken regarding defendant's summary judgment motion. Plaintiff's counsel conceded some claims and streamlined others, and first articulated plaintiff's specific challenge to the PCE in plaintiff's response to defendant's summary judgment motion. As the Findings and Recommendation reasoned, "[g]iven the procedural facts of this claim, including [plaintiff's] failure to clearly articulate this claim in her [administrative] complaint or federal court Complaint and the additional leave [plaintiff] was given to file a supplemental brief on the issue, [defendant] should not be precluded from raising the business necessity defense at this stage." Findings and Recommendation at 10 n.2.

The Magistrate Judge properly allowed this aspect of plaintiff's litigation to be further developed, and properly granted plaintiff leave to file supplemental briefing before the Findings and Recommendation was issued.

4 -- ORDER

2.    **The Findings and Recommendation erred in concluding the PCE was not a medical examination**

Next, plaintiff challenges whether the Findings and Recommendation correctly analyzed the PCE. This court concludes that the Findings and Recommendation concluded properly that the PCE was not a medical examination within the scope of the ADA. The Findings and Recommendation analyzed the report from Columbia Rehabilitation and correctly construed that report as a narrow exercise that ascertained plaintiff's ability to perform specific tasks. Physical agility tests that measure an employee's ability to perform actual or simulated job tasks are not construed as medical examinations under the ADA. Findings and Recommendation at 8-9 (citing Equal Employment Opportunity Commission's Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the ADA (EEOC Guidance), http://www.eeoc.gov/policy/docs/guidance-inquiries.html. Plaintiff's arguments that the PCE should be construed as having tested her "physiological response" was rejected properly in the Findings and Recommendation, and is rejected again by this court.

3.    **The Findings and Recommendation erred in finding no issue of fact as to plaintiff's alleged record of disability**

Plaintiff next challenges the Magistrate Judge's determination that she failed to establish her "record of disability" theory under the ADA independent of the PCE (which was determined to not violate the ADA). Plaintiff contends that evidence unrelated to the PCE has been presented. This evidence, according to plaintiff, is summarized as the following:

*    imposing false lifting requirements for the PCE;

*    requiring a PCE;

*    creating a job analysis in coordination with the PCE;

5 -- ORDER

\*      misusing the PCE results; and

\*      falsifying an alleged PCE policy.

Pl.'s Resp. at 11.

There is no rational dispute that this evidence is at least linked to the PCE at issue.  The

Findings and Recommendation correctly held that plaintiff's "record of disability" claim fails as a

matter of law.

### 4.      The Findings and Recommendation erred in finding no issue of fact as to plaintiff's "perceived as disabled" claim

Finally, plaintiff argues that the Findings and Recommendation erred in concluding that

plaintiff's "regarded as disabled" theory lacked merit because plaintiff failed to establish that

defendant "entertained misperceptions about [plaintiff]" and did not believe either that plaintiff

has a substantially limiting impairment that she does not have, or that plaintiff has a substantially

limiting impairment when, in fact, her impairment is not so limiting.  Findings and

Recommendation at 17 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)).  The

Findings and Recommendation correctly reasoned that plaintiff's reliance upon being subjected to

the PCE was insufficient to support her "regarded as disabled" claim.  There is no dispute that the

Ninth Circuit acknowledges that "a request for an [examination] that complies with the statutory

restrictions will never, in the absence of other evidence, be sufficient to demonstrate that an

employer 'regarded' the employee as substantially limited in a major life activity. . . . "  *Tice*, 247

F.3d at 515 (citation omitted).

Plaintiff concedes this interpretation of *Tice*, but contends that its reasoning is

inapplicable because the Findings and Recommendation concluded that there were issues of fact

6 -- ORDER

precluding summary judgment to defendant on plaintiff's first claim with regard to the "business necessity exception" defense. Pl.s Resp. at 12-13.

This objection lacks merit. The Findings and Recommendation's analysis pertained to the "alternative question" of whether defendant was entitled to summary judgment on plaintiff's first claim under the business necessity exception. Its conclusions in that regard did not affect the Findings and Recommendation's prior findings that defendant successfully "set forth sufficient evidence of a reasonable basis for requesting the PCE." Findings and Recommendation at 13. Accordingly, the existence of factual issues regarding the business necessity exception does not invalidate the guidance provided by the Ninth Circuit in *Tice*, as the Findings and Recommendation correctly concluded. Findings and Recommendation at 17.

## CONCLUSION

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Objections [55] are overruled. The Findings and Recommendation [54] is sound and persuasive, and is adopted in its entirety. Defendant's Motion for Summary Judgment [33] is granted.

IT IS SO ORDERED.

DATED this _4_ day of March, 2008.

Ancer L. Haggerty
United States District Judge

7 -- ORDER